United States District Court
Southern District of Texas
**ENTERED**
June 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANELL ELIZABETH HAMPTON, § <br> (Inmate # 03020688) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> ALLSTATE INSURANCE CO., § <br> § <br> Defendant. § | CIVIL ACTION NO. H-23-682 |

## MEMORANDUM OPINION AND ORDER

Janell Elizabeth Hampton is a pretrial detainee in the Harris County Jail. Representing herself and proceeding without prepaying the filing fee, she filed a complaint under 42 U.S.C. § 1983 against Allstate Insurance Company, alleging that Allstate mishandled her May 2020 insurance claim for vandalism and theft damage at her residence. (Docket Entry No. 1). The court dismissed the complaint for failing to state a claim under § 1983, but granted Hampton leave to file an amended complaint in which she could try to establish the court's jurisdiction under 28 U.S.C. § 1332. (Docket Entry No. 7). Hampton timely filed her amended complaint. (Docket Entry No. 8).

Because Hampton is an inmate proceeding without prepaying the filing fee, the court must review her complaint as soon as possible after docketing and dismiss it, or any part of it, if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). Having reviewed Hampton's amended complaint, the court determines that it must be dismissed. The reasons are explained below.

**I.     Background**

Hampton filed her initial complaint on the form intended for use by prisoners filing a civil rights action under 42 U.S.C. § 1983. After reviewing the complaint as required by § 1915(e)(2), the court dismissed it because Allstate was not a proper defendant under § 1983. (Docket Entry No. 7). But recognizing that there appeared to be diversity of citizenship between Hampton and Allstate, the court granted Hampton leave to file an amended complaint to pursue a standard civil claim for the alleged mishandling of her insurance claim. (*Id.*). The court provided Hampton with a blank form for a civil action and specifically instructed her to include in her amended complaint a statement of the facts supporting her complaint against Allstate, the date Allstate denied all or part of her claim, and the amount of the insurance claim that was in dispute. (*Id.* at 3-4).

In her amended complaint, Hampton alleges that Allstate "fail[ed] to evaluate claim on time, fail[ed] to pay claim properly, [and] fail[ed] to respond." (Docket Entry No. 8, p. 4). She alleges that her insurance claim concerns damage to the garage, the entryway, and the breaker box of her residence, as well as the theft of unidentified property. (*Id.* at 5). She does not allege when the damage and theft occurred, when she filed her claim with Allstate, or when Allstate denied her claim. She also does not allege the value of the claim she filed with Allstate or the amount of damages that she is seeking in this action.

**II.    Discussion**

Federal courts are courts of limited jurisdiction and must have either statutory or constitutional power to adjudicate a claim. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Home Builders Ass'n of Miss., Inc. v. City of Madison. Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a federal court does not have jurisdiction, either under the Constitution or by statute, the court lacks the power to hear the case and must dismiss the action. *See Kokkonen*, 511

U.S. at 377; *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The federal courts have jurisdiction in two types of cases: (1) those arising under the Constitution, laws, or treaties of the United States, and (2) those civil cases in which the parties are citizens of different states and the amount in controversy is more than $75,000.  28 U.S.C. §§ 1331, 1332.  In either case, the burden of establishing federal jurisdiction rests on the party seeking to have the case heard in federal court.  *See, e.g., Home Builders Ass'n*, 143 F.3d at 1010; *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

When a party seeks to invoke a federal court's diversity jurisdiction, the court first looks to the complaint to determine whether the party has satisfied the amount-in-controversy requirement.  *See St. Paul Reinsurance Co.*, 134 F.3d at 1253.  The court then applies different tests depending upon whether the complaint identifies the specific dollar amount in controversy.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  When the complaint alleges a specific dollar amount that is in controversy, that amount controls unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  When the complaint does not allege a specific dollar amount that is in controversy, the party seeking federal jurisdiction must offer "summary-judgment-type" evidence to establish by a preponderance of the evidence that the claim exceeds the jurisdictional amount.  *Id.* (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993)).

Hampton's amended complaint does not allege a constitutional or statutory basis for jurisdiction.  Instead, she alleges that she is a citizen of Texas and that Allstate is a citizen of Illinois, and she appears to invoke the court's diversity jurisdiction.  But Hampton does not allege

any other facts that would allow the court to determine whether it has diversity jurisdiction over this action.  Despite the court's instructions, Hampton does not allege a specific dollar amount that is in controversy for the damages to her residence or the value of the stolen property that she contends Allstate has not paid.  Her vague description of the damages to her residence and the lack of a list of stolen property make her allegations insufficient for the court to determine that her claim more likely than not exceeds $75,000.  And Hampton has not attached documents or other evidence that would assist the court in determining whether jurisdiction exists.

The court recognizes that Hampton is representing herself in these proceedings.  As such, she is entitled to a liberal construction of her pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But even under a liberal construction, self-represented litigants "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (cleaned up).  Hampton's amended complaint, even when viewed liberally, does not allege sufficient facts to show that her claim meets the amount-in-controversy requirement for diversity jurisdiction under § 1332.  Because Hampton has not shown that her claim falls within this court's limited jurisdiction, the court dismisses the action for lack of jurisdiction.

### III. Conclusion

For the reasons explained above, Hampton's amended complaint, (Docket Entry No. 8), is dismissed without prejudice for lack of jurisdiction.

SIGNED on June 16, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge